UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SEDRICK LUMAR PIERRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-0718 (EGS) |
| | ) | Document No. 62 |
| DEPARTMENT OF JUSTICE *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This Freedom of Information Act case is before the Court on defendants' supplemental motion for summary judgment filed in response to the Memorandum Opinion and Order ("Mem. Op.") of January 31, 2006. There, the Court denied defendants' motion in part on the claims pertaining to the Bureau of Prisons' ("BOP") processing of plaintiff's FOIA request and the referral of records to the Internal Revenue Service ("IRS") and the Customs Service. Upon consideration of the parties' submissions, the Court will grant the supplemental motion in part and defer its ruling in part.

*A. Bureau of Prison Records*

In response to plaintiff's narrowed requests for records pertaining to Alnulfo Nino and James Coltharp, BOP conducted a search but located no records responsive to the requests for telephone calls Nino made in October and November of 1993 to plaintiff's home telephone number and for an investigative report of Nino and others by Lt. D. Beckworth dated December 31, 1992. *See* Def's Mtn., Declaration of LeeAnn D. Tuft ("Tuft Decl.") ¶¶ 7, 9-11, 15. BOP released two pages in their entirety pertaining to Coltharp's medical condition and treatment and his prison transfer from the federal medical facility in Springfield, Missouri, to the Federal Medical Center in Fort Worth, Texas. *Id*. ¶¶ 11-12.

Plaintiff challenges the scope of BOP's search for records.  *See* Pl's Response and Traverse to Defendant's Supplemental Motion for Summary Judgment ("Pl.'s Opp.") [Dkt. No. 65] at 5-8.  He asserts that sufficient information existed to warrant an expanded search beyond "in-house." *Id*. at 7.  When an agency's search is at issue, the agency prevails on a motion for summary judgment if it shows "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  An agency is required to produce only those records in its custody and control at the time of the FOIA request.  *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).  Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard,* 180 F.3d 321, 326 (D.C. Cir. 1999) (*citing Oglesby v. United States Dep't of the Army*, 920 F.2d 57,  68 (D.C. Cir. 1990); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. Dep't of Justice*, 705 F.2d at 1351)).  "If the requester produces countervailing evidence placing the sufficiency of the identification or retrieval procedures genuinely in issue, summary judgment is inappropriate." *Spannaus v. Central Intelligence Agency*, 841 F. Supp. 14, 16 (D.D.C. 1993) (*citing Church of Scientology v. National Security Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979)).  In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness.  *See Campbell v. United States Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998).

BOP processed plaintiff's 2000 request upon receiving it in April 2005 during this litigation.  According to Tufte, recorded inmate telephone calls are maintained in BOP's Telephone Activity Record System.  Recorded calls are maintained on "original master reels" for

2

180 days, after which the reels are "reused by the institution, unless [they are] entered as evidence for law enforcement purposes." Tufte Decl. ¶ 9. Thus, plaintiff's request in 2000 for calls made in October and December of 1993 would reasonably have yielded no responsive records unless they were kept as evidence. BOP staff conducted a search of its "Evidence Recovery Log Book" at FCI El Reno, where Nino was confined during the relevant time period, but located "no tape recorded phone calls entered into evidence" during October and November 1993. *Id*. ¶ 10. Plaintiff points to a Report of Investigation ("ROI") prepared by the Drug Enforcement Administration ("DEA") on October 29, 1993 (Tufte Decl., Att. C) as evidence that "should have led [BOP] to search" further, but that document is not probative of the sufficiency of BOP's search for two reasons. First, the ROI documents the chain of custody of a tape of a conversation between Nino and plaintiff on November 4, 1992, which is beyond the scope of the request. Second, it establishes that BOP had relinquished custody of the tape to DEA. Plaintiff has not credibly refuted BOP's evidence showing that it no longer possessed the tape (or any other such tapes) at the time of his request some thirteen years later.

In response to plaintiff's request for Lt. Beckwith's investigative report "made surrounding Alnulfo Nino . . . and various others" dated December 31, 1992 "and onwards," (Tufte Decl., Att. C), defendant searched "The Prison Security and Intelligence Record System . . . commonly termed the 'SIS' file [which is] the system of records utilized to collect and maintain files concerning BOP's internal investigations of misconduct and criminal acts by staff and inmates." Tufte Decl. ¶ 14. BOP staff searched by Nino's name and register number. Although it located a file that "mentioned inmate Nino and [] likely to contain investigative reports of the type described by Plaintiff," a review of the file "yielded no [responsive] investigative report." *Id*. ¶ 15. Plaintiff speculates from a December 31, 1992 Memorandum (Pl's Ex. D) regarding "Transfer Recommendations [D]ue to Drug Investigation" that BOP has failed to conduct an

3

adequate search. *See* Pl.'s Opp. at 6.  The memorandum addresses the need to separate certain inmates, including Nino, because of an ongoing investigation "with the aid of the FBI" that revealed the inmates' involvement in drug trafficking at FCI Fort Worth.  Pl.'s Ex. D at 4.  It makes no reference to a BOP investigative report or suggests that such a report was prepared by Lt. Beckwith or any other BOP official.  Plaintiff therefore has failed to create a genuine issue of material fact with respect to the adequacy of BOP's search for the December 31, 1992 investigative report.

It appears from BOP's declaration that the search did not encompass records dated after December 31, 1992, which is a reasonable interpretation of plaintiff's request for Lt. Beckwith's investigative report dated December 31, 1992 "and onwards."  *See* Tufte Decl. ¶ 13 (limiting search to "an investigative report by Lt. Beckwith dated December 31, 1992").  The Court therefore will defer its ruling on this aspect of plaintiff's claim pending BOP's clarification of the scope of this search.

### B.  Referred Records

#### Customs Records

The Court had determined that defendant had not supported its withholding of information under FOIA exemption 7(E).  Mem. Op. at 5-6.  The Court is now satisfied from the Declaration of Shari Suzuki (Exhibit to Dkt. No. 62) that exemption 7(E) was properly applied. *See* Suzuki Decl. ¶¶ 7-8.  Moreover, summary judgment is warranted on this issue because defendant has not relied solely on this exemption to withhold any information and the Court has already approved the withholding of the same information under the other applicable exemptions. *See* Suzuki Decl. ¶ 6.

Internal Revenue Service Record

The IRS "reprocessed [an] audio tape" referred to it and released to "plaintiff a redacted copy of the 20 pages of transcript reflecting the contents of the audio tape." Declaration of Sue Wilson (Exhibit to Dkt. No. 62) ¶ 3.  *See* Mem. Op. at 7 (denying summary judgment without prejudice to renewal upon completion of processing).  The IRS redacted third-party identifying information pursuant to exemptions 6, 7(C) and 7(F).  Wilson Decl. ¶ 3, 7.  The tape is a recording of two interviews of third-party individuals conducted by the IRS' Criminal Investigation Division in Dallas, Texas.  "[B]oth interviews were conducted in the course of an investigation into possible criminal violations of the law by plaintiff," *id*. ¶ 3, thereby satisfying exemption 7's threshold requirement that the record be compiled for law enforcement purposes. *See* 5 U.S.C. § 552(b)(7) (exempting from disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records" would cause one of six enumerated harms).

Exemption 7(C) protects from disclosure information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). According to Wilson, the disclosure of the redacted information "would potentially subject [the third-party individuals] to harassment or embarrassment and would provide no insight into the operations of the IRS."  Wilson Decl. ¶¶ 4, 5.  Third-party identifying information is "categorically" protected from disclosure by exemption 7(C) in the absence of the requester's showing of an overriding public interest in disclosure. *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995).

Plaintiff counters that disclosure is warranted for two reasons.  First, he speculates that the interviewee on the audio tape is the deceased Coltharp; thus, no privacy rights are at issue. Pl.'s Opp. at 10-11.  Plaintiff does not claim to have any personal knowledge about the interview

participants and he has not proffered any other evidence in support of his assertion.  He therefore has failed to create a genuine issue of material fact with respect to the asserted privacy interests defendant seeks to protect.  Second, plaintiff claims that the information is needed to expose governmental misconduct that he had previously described in a declaration in March 2003. *Id*. at 12.  There, plaintiff alleges that during his criminal trial, the government concealed "*Brady* and other exculpatory records which could have exonerated me."[1]  Declaration of Sedrick L. Pierre (Dkt. No. 37-2).  He refers, however, to "tapes specifically made to my home in 1993" rather than to the audio tape at issue here.  Thus, plaintiff has not shown an overwhelming public interest based on the release of this audio tape.  In any event, "[w]here the privacy concerns addressed by Exemption 7(C) are present, . . . [the requester] must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] . . . the information is likely to advance that interest." *National Archives and Records Administration v. Favish*, 541 U.S. 157, 172 (2004); *see Oguaju v. U.S.*, 288 F.3d 448, 450 (D.C. Cir. 2002), *vacated and remanded on other grounds*, 124 S.Ct. 1903 (2004), *reinstated*, 378 F.3d 1115 (D.C. Cir. 2004) (the public interest in disclosure "does not include helping an individual obtain information for his personal use" to overturn a conviction) (citation omitted).  In making such a showing, plaintiff must assert "more than a bare suspicion" of official misconduct. *Favish,* 541 U.S. at 174.  He "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id*.  Otherwise, the balancing requirement does not come into play. *See id*. at 175.  Plaintiff has provided no evidence meriting the Court's weighing of the competing interests.  Summary judgment therefore will be granted on

---

[1]  *See Brady v. Maryland*, 373 U.S. 83 (1963).

the IRS' redaction of third-party identifying information from the released transcript pursuant to Exemption 7(C).[2]

## CONCLUSION

For the foregoing reasons, defendants' supplemental motion for summary judgment is granted in all respects, except with respect to the scope of BOP's search for records pertaining to an investigative report of Alnulfo Nino prepared by Lt. Beckwith.  Judgment is reserved pending defendants' supplementation of this issue.  A separate Order accompanies this Memorandum Opinion.

                                              SIGNED:     EMMET G. SULLIVAN
                                              UNITED STATES DISTRICT JUDGE

DATE: January 26, 2007

---

[2] In view of this ruling, the Court will not discuss BOP's justification for withholding the same information under exemptions 6 and 7(F).